IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST,<br>　　　Plaintiff,<br><br>v.<br><br>LINDA HARPER KUNKEL AND NANCY HARPER STRAKA,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§　Civil Action No. 6:21-cv-00344<br>§<br>§<br>§<br>§<br>§ |

**FINAL DEFAULT JUDGMENT**

Came on to be considered the above-entitled and numbered cause wherein The Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust ("BNYM") is Plaintiff, and Linda Harper Kunkel and Nancy Harper Straka are Defendants. Defendants Linda Harper Kunkel and Nancy Harper Straka, although having been duly and legally summoned to appear and answer, failed to appear and answer and wholly made default on Plaintiff's claims against them.

**I.**

*Plaintiff's Original Complaint* ("Complaint") against Defendants Linda Harper Kunkel and Nancy Harper Straka (together, "Defendants") was served according to law, and the summons were returned to the Clerk where they remained on file for the time required by law. The Court has read the pleadings and the papers on file and is of the opinion that the allegations of BNYM's Complaint have been judicially admitted by Defendants. The Court further finds that Plaintiff does not seek monetary damages against Defendants, but instead seeks certain

declarations to reform a deed of trust and a judgment allowing foreclosure against certain real property and a manufactured home located on the same real property.

**II.**

In light of Defendants' default and the nature of BNYM's claims, the Court orders as follows:

It is **ORDERED, ADJUDGED, and DECREED** that the material allegations of the Complaint be and are deemed judicially admitted as to Defendants. It is further,

**ORDERED, ADJUDGED, and DECREED** that an event of default has occurred on that certain *Adjustable Rate Note (Home Equity Conversion)* ("Note") in the principal amount of $168,000.00, originally payable to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B. as lender on a loan secured by the Property described below, executed by Vera A. Harper ("Decedent"). It is further,

**ORDERED, ADJUDGED, and DECREED** that that certain *Adjustable Rate Home Equity Conversion Deed of Trust* ("Deed of Trust" and together with the Note, "Loan Agreement"), which was executed by Decedent and recorded in the official real property records of Bell County, Texas on June 3, 2005 at volume 5720, page 642, and which grants the beneficiary, its successors and assigns a security interest in the Property, provides Plaintiff—as the current beneficiary of the Deed of Trust—in the event of a default on the obligations on the Note, with a first-lien security interest on the Property described below. It is further,

**ORDERED, ADJUDGED, and DECREED** that the legal description of the Property on and secured by the Deed of Trust is hereby reformed to the following:

> TRACT 1:
>
> SITUATED IN THE COUNTY OF BELL, STATE OF TEXAS, TO-WIT:

BEING A 3.877 ACRE TRACT OF LAND SITUATED IN THE H.B. BALCH SURVEY, ABSTRACT NO. 976, BELL COUNTY, TEXAS AND BEING A PART OF PORTION OF THAT CERTAIN 46.46 ACRE TRACT OF LAND DESCRIBED IN DEED FROM WILLIAM HOWARD FOWLER AND WIFE, ELLEN FRANCES FOWLER TO AUTHUR MIKE MUREHEAD AND WIFE, CLARA L. MUREHEAD DATED MARCH 2, 1965 AND BEING OF RECORD IN VOLUME 927, PAGE 327, DEED RECORDS OF BELL COUNTY, TEXAS AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT A 5/8" IRON ROD FOUND IN THE WEST BOUNDARY LINE OF SAID 46.46 ACRE TRACT AND LYING IN THE WEST BOUNDARY LINE OF THAT CERTAIN 11.04 ACRE TRACT DESCRIBED IN A WARRANTY DEED IN LIEU OF FORECLOSURE FROM KENNETH KUNKEL AND WIFE, LINDA KUNKEL TO ARTHUR MIKESON MUREHEAD AND WIFE, CLARA MUREHEAD, DATED SEPTEMBER 6, 1990, AND BEING OF RECORD IN VOLUME 2664, PAGE 423, DEED RECORDS OF BELL COUNTY, TEXAS; SAID 5/8" IRON ROD FOUND BEING THE NORTHWEST CORNER OF THAT CERTAIN 1.70 ACRE TRACT (EXHIBIT "A") DESCRIBED IN A WARRANTY DEED FROM ARTHUR MIKESON MUREHEAD AND WIFE, CLARA MUREHEAD TO BILL M. HARTWELL DATED MARCH 29, 1995 AND BEING OF RECORD IN VOLUME 3291, PAGE 543, DEED RECORDS OF BELL COUNTY, TEXAS FOR CORNER;

THENCE N. 19°00'00" E., (BEARING BASE) 408.31 FEET WITH SAID WEST BOUNDARY LINES AS FENCED AND EVIDENCED ON THE GROUND TO A 1/2" IRON FOUND FOR CORNER;

THENCE S. 86°04'01" E., (CALLS S. 86°06' E.) 9.08 FEET (CALLS 9.1 FEET) AS FENCED AND EVIDENCED ON THE GROUND TO A 1/2" IRON ROD FOUND FOR CORNER;

THENCE N. 11°04'00" E., (CALLS N. 12°36' E.) 176.32 FEET AS FENCED AND EVIDENCED ON THE GROUND TO A 1/2" IRON ROD SET AT THE CENTER OF AN UNNAMED TRIBUTARY OR CREEK FOR CORNER;

THENCE DEPARTING FROM SAID WEST BOUNDARY LINES AND WITH SAID TRIBUTARY OR CREEK THE FOLLOWING FOUR (4) CALLS:

(1)     S. 56°41'19" E. 118.49 FEET TO A 1/2" IRON ROD SET FOR CORNER;

(2)     N. 87°08'00" E. 41.96 FEET TO A 1/2" IRON ROD SET FOR CORNER;

(3)     S. 54°21'45" E., 158.93 FEET TO A 1/2" IRON ROD SET FOR CORNER;

(4)     S. 34°03'56" E., 130.56 FEET TO A 1/2" IRON ROD SET IN THE EAST BOUNDARY LINE OF SAID 11.04 ACRE TRACT AND BEING THE WEST BOUNDARY LINE OF THAT CERTAIN 16.479 ACRES OF LAND DESCRIBED IN A CONTRACT OF SALE AND PURCHASE FROM TEXAS VETERANS LAND PROGRAM TO WILLIAM HARVEY HARPER DATED SEPTEMBER 30, 1983 AND BEING OF RECORD IN VOLUME 1982, PAGE 832, DEED RECORDS OF BELL COUNTY, TEXAS FOR CORNER;

THENCE S. 15°43'07" W. (DEED CALL IN VOLUME 1982, PAGE 832) (CALLS S. 18°24'30" W., IN VOLUME 2664, PAGE 423) 222.87 FEET WITH THE COMMON BOUNDARY LINES AS FENCED AND EVIDENCED ON THE GROUND TO A 1/2" IRON ROD SET AT THE MOST EASTERLY SOUTHEAST CORNER OF SAID 11.04 ACRE TRACT AND BEING IN THE NORTH BOUNDARY LINE OF THAT CERTAIN 4 ACRES OF LAND DESCRIBED IN A WARRANTY DEED WITH VENDOR'S LIEN FROM ARTHUR MIKESON MUREHEAD, AND WIFE CLARA MUREHEAD TO WILLIAM H. HARPER AND WIFE, VERA A. HARPER DATED DECEMBER 16, 1983 AND BEING OF RECORD IN VOLUME 1963, PAGE 88, DEED RECORDS OF BELL COUNTY, TEXAS FOR CORNER;

THENCE N. 71°35'30" W., 200.85 FEET DEPARTING FROM SAID WEST BOUNDARY LINE AND WITH SAID NORTH BOUNDARY LINE AND WITH A SOUTHERLY BOUNDARY LINE OF SAID 11.04 ACRE TRACT TO A 1/2" IRON ROD SET FOR ALL CORNER;

THENCE S. 18°24'30" W., 221.50 FEET WITH THE MOST WESTERLY WEST BOUNDARY LINE OF SAID TRACT DESCRIBED IN VOLUME 1963, PAGE 88 AND EAST

BOUNDARY LINE OF SAID 11.04 ACRE TRACT TO A 1/2" IRON ROD FOUND AT A 3" METAL POST BEING THE MOST WESTERLY SOUTHWEST CORNER OF SAID TRACT DESCRIBED IN VOLUME 1963, PAGE 88; SAID 1/2" IRON ROD FOUND BEING THE NORTHEAST CORNER OF SAID 1.70 ACRE TRACT FOR CORNER;

THENCE N. 71°21'50" W. 197.38 FEET, (CALLS N. 71°28' W. 197.5 FEET IN VOLUME 3291, PAGE 543) DEPARTING FROM AN EAST BOUNDARY LINE OF SAID 11.04 ACRE TRACT AND WITH THE NORTH BOUNDARY LINE OF SAID 1.70 ACRE TRACT TO THE POINT OF BEGINNING AND CONTAINING 3.877 ACRES OF LAND.

TRACT 2:

BEING 1.275 ACRES OF LAND, MORE OR LESS, OUT OF THE H.B. BALCH SURVEY, ABSTRACT 976, BELL COUNTY, TEXAS, BEING OUT OF AND A PART OF LOT ONE (1), BLOCK ONE (1), SHADY CREEK SUBDIVISION, A SUBDIVISION IN BELL COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT OF RECORD IN CABINET C, SLIDE 71-A, PLAT RECORDS OF BELL COUNTY, TEXAS, DESCRIBED BY METES AND BOUNDS IN FIELD NOTES ATTACHED HERETO.

TRACT 3:

BEING 0.387 ACRES OF LAND, MORE OR LESS, OUT OF THE H.B. BALCH SURVEY, ABSTRACT 976, BELL COUNTY, TEXAS, BEING OUT OF AND A PART OF LOT ONE (1), BLOCK ONE (1), SHADY CREEK SUBDIVISION, A SUBDIVISION IN BELL COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT OF RECORD IN CABINET C, SLIDE 71-A, PLAT RECORDS OF BELL COUNTY, TEXAS, DESCRIBED BY METES AND BOUNDS IN FIELD NOTES ATTACHED HERETO.

TRACT 4:

ACCESS EASEMENT BEING 1.00 ACRE OF LAND, MORE OR LESS, OUT OF THE H.B. BALCH SURVEY, ABSTRACT 976, BELL COUNTY, TEXAS, DESCRIBED BY METES AND BOUNDS IN FIELD NOTES ATTACHED HERETO.

(the "Property"). It is further,

**ORDERED, ADJUDGED, and DECREED** that the Loan Agreement grants a security interest in the Waverly Crest model manufactured home with label/seal numbers RAD1141732 and RAD1141731 and serial numbers TXFLX84A16319WC11 and TXFLX84B16319WC11 (the "Manufactured Home") located on the Property. It is further,

**ORDERED, ADJUDGED, and DECREED** that Plaintiff is mortgagee of the Deed of Trust. It is further,

**ORDERED, ADJUDGED, and DECREED** that due to event of default on the Note, Plaintiff, or its successors or assigns, may enforce its Deed of Trust against the Property and the Manufactured Home through non-judicial foreclosure as provided in the Deed of Trust and section 51.002 of the Texas Property Code, or, alternatively, through judicial foreclosure. It is further,

**ORDERED, ADJUDGED, and DECREED** that Decedent is deceased and that upon her death her interest in the Property, subject to the Loan Agreement debt owed to Plaintiff, immediately vested in Decedent's heirs at law, who are Defendants in this action. It is further,

**ORDERED, ADJUDGED, and DECREED** that foreclosure notices may be mailed to Defendants at the Property address. It is further,

**ORDERED, ADJUDGED, and DECREED** that Plaintiff may further communicate with Defendants and all third parties reasonably necessary to conduct the foreclosure sale of the Property. It is further,

**ORDERED, ADJUDGED, and DECREED** that the purchaser at the foreclosure sale authorized by this order will be vested with full ownership in the Property and the Manufactured Home including all interests held by each and all the Defendants in this case. It is further,

**ORDERED, ADJUDGED, and DECREED** that Plaintiff is awarded attorneys' fees and costs, not as a personal judgment against Defendants but as an additional amount secured by the Deed of Trust, to be determined by subsequent motion. It is further,

**ORDERED, ADJUDGED, and DECREED** that this judgment may be immediately executed by Plaintiff. It is further,

**ORDERED, ADJUDGED, and DECREED** that any relief not specifically granted in this Judgment is **DENIED** and any parties not otherwise disposed of are **DISMISSED**.

Signed this 15th day of September, 2022.

_____
**UNITED STATES DISTRICT JUDGE**